Defendant-appellant, Mary Brown, appeals her conviction for driving under the influence of alcohol in violation of Mason Codified Ordinance 333.01(A)(3). Appellant entered a no contest plea to the charge after she unsuccessfully moved to suppress evidence obtained after she was stopped.
At approximately 3:00 a.m. on November 22, 1997, a Mason police officer observed appellant's vehicle stopped in the middle of the roadway. The officer watched as the vehicle left the area and stopped in the road for a second time before beginning to move again. The officer followed appellant and observed as "[t]he right front tire of the vehicle left the roadway, went over the white edge line into the grass and the right rear tire crossed over the white pavement marking line and came back up onto the roadway." The officer stopped appellant's vehicle and subsequently charged her with DUI and failure to drive in marked lanes.[1]
As her sole assignment of error, appellant claims the trial court erred in denying her motion to suppress. It is submitted that under the totality of the circumstances the arresting officer lacked the necessary articulable and reasonable suspicion to justify the stop. Consequently, there was no basis upon which the officer could charge appellant.
The Supreme Court of Ohio has determined that where an officer has an articulable and reasonable suspicion to stop a motorist for any criminal violation — including a minor traffic violation — the stop is constitutionally valid. Dayton v. Erickson (1996),76 Ohio St.3d 3, at 11-12. The stop is warranted regardless of the officer's underlying subjective intent or motivation for stopping the vehicle in question. Id. See, also, Whren v. United States (1996), U.S., 116 S.Ct. 1769.
In the case at bar, the officer observed appellant leave the roadway and enter the adjacent grassy area before returning to her lane. This failure to operate the vehicle within a marked lane provided a sufficient basis for stopping appellant. See State v. Wilhelm (Apr. 14, 1997), Butler App. No. CA96-12-272, unreported, (Powell, J., dissenting), reversed (1998), 81 Ohio St.3d 444. Since the officer had probable cause to believe appellant violated a traffic law, the stop was reasonable and the evidence obtained as a result thereof was admissible. Whren v. United States.
The assignment of error is overruled and the judgment of the trial court is hereby affirmed.
KOEHLER and POWELL, JJ., concur.
[1] The charge for failure to drive in marked lanes was ultimately dismissed.